Gesund Law Offices, LLC
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
166 Country Club Drive
New Orleans, LA 70124
Tel: (702) 300-1180
gesundk@gesundlawoffices.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIOLETTE C. IKONOMIDIS, an individual, | Case No.: [Number] |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| THE DUGGINS LAW FIRM, PLC, a Louisiana Professional Law Corporation, | **Demand for Jury Trial** |
| Defendant | |

VIOLETTE C. IKONOMIDIS ("PLAINTIFF"), by and through counsel, GESUND LAW OFFICES, LLC alleges the following against THE DUGGINS LAW FIRM, PLC ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

1

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

3. Venue is proper because PLAINTIFF and DEFENDANT reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Metairie, Louisiana.

5. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. DEFENDANT is a debt collection company located at 1011 Julia Street, New Orleans, LA 70113-1904 and is registered as a Professional Law Corporation in Louisiana.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and repeatedly contacted Plaintiff in an attempt to collect a debt.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1-8 inclusive, above.

10. In February of 2006, PLAINTIFF's Household Finance Corporation II DBA Beneficial Louisiana, Inc. ("HFC") account was placed with DEFENDANT for collection.

11. On or about August 30, 2006, DEFENDANT obtained a Judgment on Confession of Judgment on behalf of HFC against PLAINTIFF.

12. On or about December 11, 2012, DEFENDANT mailed PLAINTIFF a debt collection letter, on attorney letterhead, that began, "This is to inform you that The Duggins Law Firm is *now* representing the above named plaintiff in this matter." (emphasis added). If an initial communication, the letter fails to notify PLAINTIFF of her debt validation rights pursuant to 1692g(a).

13. In January of 2013, DEFENDANT called PLAINTIFF in an attempt to collect a debt. During that phone conversation, PLAINTIFF notified DEFENDANT that she was represented by counsel through the ProBono Project.

14. In February of 2013, DEFENDANT called PLAINTIFF in an attempt to collect a debt. PLAINTIFF again notified DEFENDANT that she was represented by counsel.

15. In March of 2013, DEFENDANT again called PLAINTIFF in an attempt to collect a debt. PLAINTIFF again notified DEFENDANT that she was represented by counsel.

## FIRST CAUSE OF ACTION
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

16. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1-15 inclusive, above.

17. In its actions to collect a debt, Defendant violated the FDCPA as follows:

   a. DEFENDANT violated § 1692e(5) and (10) of the FDCPA when it misrepresented that it began representing HRS in December of 2012 when it had been representing HRS since 2006. By sending a letter, on attorney letterhead, stating that DEFENDANT was "now representing the above named plaintiff in this matter" DEFENDANT misrepresented that it had filed, or was in the process of filing, a new collection lawsuit against PLAINTIFF, when it was unable to do so;

   b. In the alternative, DEFENDANT violated § 1692g(a) by failing to notify PLAINTIFF of her debt validation rights, if the letter was an initial communication in an attempt to collect a new debt.

   c. DEFENDANT violated § 1692c(a)(2) of the FDCPA by continuing to call PLAINTIFF in an attempt to collect a debt when it knew she was represented by counsel;

d. As a result of DEFENDANT's FDCPA violations, PLAINTIFF has incurred actual damages to be shown specifically at the time of trial, and is entitled to an award of statutory damages.

WHEREFORE, PLAINTIFF, VIOLETTE C. IKONOMIDIS, respectfully prays for judgment as follows:

a. Actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages for $1,000 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that PLAINTIFF, VIOLETTE C. IKONOMIDIS, hereby demands a jury trial for this case.

Dated this 18th day of September, 2013.

RESPECTFULLY SUBMITTED

_____
KEREN E. GESUND
Louisiana Bar No.: 34397

5

PLAINTIFF'S COMPLAINT