## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIOLETTE C IKONOMIDIS | CIVIL ACTION |
| VERSUS | NO. 13-5872 |
| DUGGINS LAW FIRM, PLC | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is Plaintiff Violette Ikonomidis' motion for partial summary judgment (Rec. Doc. 18) and Defendant Duggins Law Firm, PLC's motion for summary judgment (Rec. Doc. 20). Having considered the applicable law and the parties' memoranda, the Court now issues this order.

### I.  UNCONTESTED FACTS

On February 15, 1999, Ms. Ikonomidis borrowed $19,329 from Beneficial Louisiana, Inc., to pay loans she had taken to supplement her living expenses. After difficulty making payments, she executed a confession of judgment on June 13, 2003, and on August 30, 2006, judgment was entered on the confession. From April 1, 2003, through December 8, 2012, Ms. Ikonomidis made payments to Duggins Law Firm on her Beneficial Louisiana debt.

On December 11, 2012, Duggins Law Firm mailed a collection letter to Ms. Ikonomidis, stating: "The Duggins Law Firm is now representing the above named plaintiff in this matter. Please make note of the change of address in your records. Please direct all correspondence to The Duggins Law Firm at the above address."

Ms. Ikonomidis then approached the Pro Bono Project, which provides free legal services, to assist her in filing for bankruptcy. On December 14, 2012, the Pro Bono Project agreed to represent Ms. Ikonomidis.

In early 2013, Duggins Law Firm called Ms. Ikonomidis in an attempt to collect the debt. On February 25, 2013, Duggins Law Firm again called her for the same reason. Ms. Ikonomidis returned the February 25 call and advised an employee of Duggins Law Firm that she was represented by counsel and that she intended to file for bankruptcy. On March 25, 2013, Duggins Law Firm conducted an unsuccessful Internet search for Ms. Ikonomidis' bankruptcy. On March 26, 2013, Duggins Law Firm then mailed a collection letter to Ms. Ikonomidis. In mid-2013, the Pro Bono Project assigned the case to Ms. Ikonomidis' current counsel.

## II.   PRESENT MOTIONS

Before the Court are cross motions for summary judgment on the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* ("FDCPA") (Rec. Docs. 18, 20). With regard to the § 1692e(5) claim, Duggins Law Firm argues for dismissal because it did not threaten new litigation but instead merely sought to collect on a judgment, which it was not prohibited from doing. Ms. Ikonomidis argues that Duggins Law Firm violated § 1692e(5) by implying, via its collection letter, that litigation was imminent or pending because the letter was written on counsel's letterhead and referred to the creditor as a plaintiff in a new case.

With regard to the § 1692e(10) claim, which is sometimes referred to as a "catch all," Duggins Law Firm argues that it is duplicative because it is based in the same alleged activity as the § 1692e(5) claim. Ms. Ikonomidis argues that Duggins Law Firm separately and non-duplicatively violated § 1692e(10) because the letter it sent was misleading and deceptive by referring to a new case and by misrepresenting the length of its representation of the creditor.

With regard to the § 1692g(a) claim, Duggins Law Firm argues that it should be dismissed because it was not an initial communication to Ms. Ikonomidis. She concedes that dismissal is appropriate.[1]

With regard to the § 1692c(a)(2) claim, Duggins Law Firm argues that it should be dismissed because the Firm was not aware of the scope of Ms. Ikonomidis' representation by counsel. Ms. Ikonomidis argues that she properly informed Duggins Law Firm that she was represented by counsel.

## III.   LAW & ANALYSIS

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-movant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the

---

[1] As a consequence, the Court will not address the merits of this claim.

nonmovant. *Id.* at 255. "On cross-motions for summary judgment, [the Court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the non-moving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).

Both parties move for summary judgment, respectively, regarding the claims under § 1692e(5), § 1692e(10), and § 1692c(a)(2). Each is addressed in turn. Under § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The debt collector's representations must be analyzed by considering them from the perspective of a consumer with below-average sophistication or intelligence. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997). Specifically, § 1692e(5) prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Here, it is a fact-based inquiry as to whether Duggins Law Firm's letter to Ms. Ikonomidis constituted an implied threat of new litigation. Although a collection letter from a law firm may indicate an implied threat, the letter at issue here was not signed by an attorney even though it was on firm letterhead and noted the firm's representation in the matter. *See Gonzalez v. Kay*, 577 F.3d 600, 603, 606 (5th Cir. 2009) (explaining the fact-intensive nature of the question whether such a letter violates § 1692e(5)). Whether the letter constituted an implied threat of new litigation, within the meaning of § 1692e(5), is a genuine issue of material fact that is best resolved by the fact finder.

Next, it is necessary to consider Ms. Ikonomidis' § 1692e(10) claim. Generally, § 1692e(10) prohibits a debt collector from the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Here, the § 1692e(10) claim, like the § 1692e(5) claim, involves a genuine

4

issue of material fact that precludes summary judgment. The dispute over whether Duggins Law Firm threatened a "new" cause of action is properly determined by the fact finder. Just as the § 1692e(5) claim turns on whether Duggins Law Firm implied a threat of new litigation that it did not actually intend, a § 1692e(10) theory hinges on whether the statements of Duggins Law Firm involved a false representation or deceptive means. Although Duggins Law Firm argues that the Court should dismiss the § 1692e(10) because it is duplicative, there is no hardship to either party in allowing this disputed claim to proceed, especially as it is grounded in the same circumstances as its § 1692e(5) counterpart. *See In re Cambrone*, 379 B.R. 371 (N.D. Ala 2007) (holding that § 1692e(10) is not always dependent on § 1692e(5) and that the two subsections should be evaluated "separately and independently").

Last, it is necessary to address Ms. Ikonomidis' § 1692c(a)(2) claim. That section prohibits a debt collector from communication with the consumer when the debt collector knows the consumer is represented by an attorney with respect to such debt, unless there is consent of the representing attorney or prior consent of the consumer. 15 U.S.C. § 1692c(a)(2). Here, there is a genuine issue of material fact as to whether Duggins Law Firm knew of (1) Ms. Ikonomidis' representation of counsel when it first called her in early 2013; and (2) the scope of counsel's representation of Ms. Ikonomidis. The first disputed fact is material because its disposition will establish the number of occasions that Duggins Law Firm contacted Ms. Ikonomidis after learning of the representation and the nature of that knowledge. The disposition of the second disputed fact will establish whether Ms. Ikonomidis has established an element under 15 U.S.C. § 1692c(a)(2) – whether her attorney's representation was "with respect to such debt." Summary judgment is thus inappropriate for the factual issue.

**IV.    CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Ms. Ikonomidis' and Duggins Law

Firm's respective motions for summary judgment (Rec. Docs. 18, 20) are **DENIED**.


New Orleans, Louisiana, this 14th day of July, 2014.


_____
UNITED STATES DISTRICT JUDGE